UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARILYN DANIELS,   MEMORANDUM DECISION
                    Plaintiff,   AND ORDER
                                                     04 CV 3539 (GBD)

       -against-

JOSEPH S. LEGGIO, individually and as Manager,
MTV NETWORKS, and VIACOM,

                        Defendants.
------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

       In an action for employment discrimination, defendants moved to dismiss the following causes of action asserted in the amended complaint: (1) claim eight, for *prima facie* tort, on the grounds that it fails to state a claim upon which relief can be granted; and (2) claims two, three, four, five and seven on the grounds that they are untimely.

       Defendants previously moved to dismiss the second and third causes of action in the original complaint asserting a state law claim for sex discrimination and *prima facie* tort, respectively. The motion was granted and those claims were dismissed without prejudice. The Court granted plaintiff thirty days in which to file an amended complaint to attempt to sufficiently re-plead those causes of action. Plaintiff filed an amended complaint which included a claim for *prima facie* tort and two causes of action for sex discrimination; one premised on violation of the New York State Executive Law and the other based on violation of the New York City Administrative Code. Plaintiff also pled, for the first time, two causes of action for racial discrimination and two causes of action for retaliation.

       Plaintiff's amended *prima facie* tort cause of action fails to state a claim upon which relief may be granted. The allegations in the amended complaint do not demonstrate the requisite

malevolent, outrageous conduct, on the part of the defendants, sufficient to set forth a cognizable claim for *prima facie* tort. Accordingly, that claim is dismissed with prejudice.

Defendants seeks to dismiss plaintiff's claims for race discrimination and retaliation. They also move to dismiss the sex discrimination claim in violation of the City's Administrative Code. Defendants contend that plaintiff's amendment of the complaint, to add these new causes of action, was untimely. Defendants argues that plaintiff was only afforded leave to amend the complaint to reassert her claims for state law sex discrimination and *prima facie* tort. Defendants, therefore, maintain that plaintiff improperly amended the complaint to add the challenged claims without first obtaining judicial leave and in direct contravention of the Court's prior ruling.

Plaintiff was granted leave to amend the complaint to re-plead her claim for sex discrimination. Although plaintiff had originally pled only a state law claim, plaintiff was not precluded from amending the complaint to state a separate cause of action for sex discrimination under the City's Administrative Code. Both the state and city law claims are based on the same factual allegations. Accordingly, defendants' motion to dismiss the seventh cause of action is denied.

The second, third, fourth and fifth causes of action state racial discrimination and retaliation claims. Plaintiff did not have obtain the requisite leave to amend the complaint to add these additional causes of action. Nevertheless, the Court is mindful that leave to amend should be freely given when justice dictates. Fed.R.Civ.P. 15(a); Forman v. Davis, 371 U.S. 178, 182 (1962); Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234-35 (2d Cir. 1995). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief,

[s]he ought to be afforded an opportunity to test h[er] claim on the merits." Forman, 371 U.S. at 182. Where the amendment would prove futile, however, leave to amend may be denied. Id.

"[T]he pleading requirements in discrimination cases are very lenient, even *de minimis*." Brown v. Coach Stores, Inc., 163 F.3d 706, 710 (2d Cir. 1998). Despite the liberal pleading requirements, an examination of the amended complaint reveals that the racial discrimination and relation claims are insufficient to state a claim upon which relief may be granted. Hence, granting leave to amend would be futile. The amended complaint only contains two factual allegations in support of these claims. First, there is a bare bones allegation that defendant Joseph Leggio started discriminating against plaintiff, based on race, as retaliation for plaintiff making a complaint about another management level employee. (Am. Compl. § 22). Plaintiff further alleges that white males were given an opportunity to transfer and/or take classes in order to grow within the department, but when plaintiff, a black female, expressed interest in taking classes, she was told, by defendant Leggio, that she could not grow with the department and that he did not see her becoming a software developer. (Am. Compl. § 30). These allegations are wholly insufficient to state a viable cause of action for either racial discrimination or retaliation, and accordingly those claims are dismissed.

In light of the foregoing, defendants' motion to dismiss is granted to the extent that claims two, three, four, five and eight of the amended complaint are dismissed.

Dated: New York, New York
April 20, 2005

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge